UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 10-357-JBC**

**LAURA CLINTON,**                                                                                   **PLAINTIFF,**

**V.**                **MEMORANDUM OPINION AND ORDER**

**KEVIN T. GODBEHERE, ET AL.,**                               **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on plaintiff Laura Clinton's motion to remand this action to state court (R. 4). The defendant, GEICO General Insurance Company, has failed to prove that the amount-in-controversy requirement is satisfied by a preponderance of the evidence. The court, therefore, will remand this action to Fayette Circuit Court.

Two principles guide the removal analysis. First, GEICO bears the burden of proving, by a preponderance of the evidence, that this action satisfies the amount-in-controversy requirement. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006) (quoting *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993). Second, the court must determine whether the amount in controversy was satisfied at the time of removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000).

At the time of removal, the record shed little light on the amount of damages that Clinton was seeking from GEICO. Clinton did not specify a sum in her state-

court complaint. The record contained no other documents from which one could identify damages exceeding $75,000.

Because the record was silent on Clinton's alleged damages, Clinton was permitted to file a stipulation clarifying that point. *Cole v. Great Atl. & Pac. Tea Co.*, 728 F. Supp. 1305, 1309-10 (E.D. Ky. 1990). Clinton confirmed in her stipulation that she is not seeking damages exceeding $75,000. In the face of Clinton's stipulation, and without any evidence refuting the stipulation, GEICO cannot prove that it is more likely than not that the amount in controversy exceeds $75,000.

GEICO relies on a demand letter that Clinton's counsel sent before filing suit. In that letter, Clinton's counsel demanded $95,000 to settle Clinton's bodily injury claim against defendant Kevin T. Godbehere. The letter, however, is directed to the bodily injury claim against Godbehere, not Clinton's bad-faith and statutory claims against GEICO. At the time of removal, Clinton and Godbehere had reached settlement, and Godbehere's dismissal was imminent. The only claims in controversy were Clinton's claims against GEICO.

GEICO also attempts to cobble evidence of the amount in controversy from the language of Clinton's state-court complaint and the fact that she is seeking punitive damages and an award of attorney's fees. The inferences that GEICO draws from that evidence have little or no support in the record and are insufficient to satisfy the standard of proof.

The record, as it existed at the time of removal, and Clinton's stipulation preclude GEICO from establishing the requisite amount in controversy. This court, therefore, is deprived of subject-matter jurisdiction. Accordingly,

**IT IS ORDERED** that this action be **REMANDED** to Fayette Circuit Court and **STRICKEN** from the active docket.

Signed on January 4, 2011

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY